## Billiter v. Mounts, et al.

(Decided February 22, 1912.)

### Appeal from Pike Circuit Court.

Contracts—Finding of Chancellor.—Upon a disputed question of fact, involving the validity of a contract, we will not disturb the finding of the chancellor when it is supported by the weight of the evidence.

STRATTON & STEPHENSON for appellant.

J. M. BOWLING for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This suit was brought by appellant, Billiter, against the appellee, Jackson Mounts, to recover damages for the alleged breach of contract. The contract that was the basis of the action was made on January 1st, 1908, and purported to have been signed by Jackson Mounts, Chilton Mounts and J. M. Billiter, and witnessed by David Manard and Aaron Dotson. It provided in substance that Jackson Mounts had leased to Billiter a tract of land in Pike County for a term of six years, in consideration of which Billiter agreed to partly enclose the boundary with a barbed wire fence and to clear thirty acres of land for cultivation, also to put a good fence around the orchard, and take good care of the premises.

It appears from the evidence that Billiter took possession of this property under the contract in the early part of 1908, and remained in possession until June, 1909, when Mounts by threats and otherwise obliged him to abandon the premises. Thereupon he brought this suit, placing his damages at $3,000.

The answer, after setting up various breaches of the contract by Billiter, attempted to recover damages therefor by way of counterclaim; and further set up that the contract was obtained by fraud, and that Jackson Mounts had not executed it.

The case was referred to the Master Commissioner for settlement of the disputed items arising on the petition, and counterclaim, and the commissioner reported that neither of the parties was entitled to recover anything from the other on account of the use of the premises or the breach of the contract, and recommended that the petition and counterclaim be dismissed.

Upon exceptions to this report, the lower court rendered a judgment in favor of Billiter for $100, and it is of this judgment he complains.

It appears from the evidence that Billiter expended in money and labor about $128, under the contract in performing the conditions imposed by it upon him, and we think the judgment of the court was substantially correct in allowing him $100.

The main question in the case is, whether or not this contract was signed by Jackson Mounts, who owned the land or his authorized agent. Jackson Mounts upon this point testifies, and there seems to be no denial of it, that he did not sign the contract. He further said that he did not authorize Chilton Mounts or any one else to sign it for him. It appears, however, that his name was signed by his son, Chilton Mounts, who testifies that no one was present when the contract was signed except himself and Billiter. That the contract was written by and presented to him by Billiter, who said that his father, Jackson Mounts, had directed him (Chilton Mounts) to sign his (Jackson Mounts) name, and that acting under this representation he did so. Billiter testifies that Chilton Mounts signed his own and Jackson Mounts' name to the contract, and that Jackson Mounts told Chilton to sign his name. The witnesses, Manard and Dotson, who Billiter testifies were present in company with Jackson and Chilton Mounts when the contract was written, were not introduced as witnesses; so that, the case comes down to this. The evidence for Jackson Mounts is to the effect that he did not sign the contract or authorize any person to sign it for him; while the evidence for Billiter shows that Jackson Mounts' name was signed by Chilton, in his presence, and at his request. With the evidence in this condition, taken in connection with many other facts and circumstances in the case, among which we may notice that Billiter was an educated, well-informed man, while the Mounts were ignorant, illiterate people, and the contract a very advantageous one to Billiter, we are not disposed to disturb the chancellor's finding of fact that this contract was not signed by Jackson Mounts or by any person acting as his agent or with his authority.

Wherefore, the judgment is affirmed.